Case 1:22-mj-00451-LB   Document 5   Filed 04/20/22   Page 1 of 2 PageID #: 24



U.S. Department of Justice

United States Attorney
Eastern District of New York

AB:ANR
F. #2022R00341

271 Cadman Plaza East
Brooklyn, New York 11201

April 20, 2022

By E-Mail

The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Application to redact Attachment A to the removal complaint is granted.  However, the request to seal this letter is denied as without support.

So Ordered.                    *Lois Bloom*
4/20/22                          U.S. M.J.

Re:   United States v. Jalonni Blackshear 22-M-451

Dear Judge Bloom:

The government respectfully submits this letter to request redactions to Attachment A of the removal complaint in the above captioned case because the matter includes allegations of wrongdoing by an individual who to date has not been charged with that criminal conduct.

As a series of cases make clear, there is ordinarily "no legitimate governmental interest served" by the government's public allegation of wrongdoing by an uncharged party, and this is true "[r]egardless of what criminal charges may . . . b[e] contemplated by the Assistant United States Attorney against the [third-party] for the future." In re Smith, 656 F.2d 1101, 1106-07 (5th Cir. 1981).  Courts have applied this reasoning to preclude the public identification of unindicted third-party wrongdoers in plea hearings, sentencing memoranda, and other government pleadings.  See Finn v. Schiller, 72 F.3d 1182 (4th Cir. 1996); United States v. Briggs, 513 F.2d 794 (5th Cir. 1975); United States. v Anderson, 55 F. Supp. 2d 1163 (D. Kan 1999); United States v. Smith, 992 F. Supp. 743 (D.N.J. 1998); see also USAM 9-11.130; 9-16.500; 9-27.760.

Further, the need to protect the privacy interests of individuals, specifically the uncharged individual, whose privacy interest could be jeopardized by disclosure.  See United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (privacy interests of third parties may be compelling reason justifying sealing); United States v. Martin-Trigona, 767 F.2d 35, 39 (2d Cir. 1985) (sealing warranted due to the "inflammatory nature" of the contents of particular documents and the need to protect innocent persons from unnecessary embarrassment).

For the foregoing reasons, the government also requests that this letter be filed under seal.

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By:   /s/ Antoinette N. Rangel
        Antoinette N. Rangel
        Assistant U.S. Attorney
        (718) 254-7481

2