CLOSED

# U.S. District Court
# Eastern District of New York (Brooklyn)
# CRIMINAL DOCKET FOR CASE #: <u>1:22−mj−00451−LB</u>−1

Case title: USA v. Blackshear

Date Filed: 04/20/2022

Date Terminated: 04/20/2022

Assigned to: Magistrate Judge
Lois Bloom

### Defendant (1)

**Jalonni Blackshear**
*TERMINATED: 04/20/2022*

represented by **Benjamin Zev Yaster**
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718−330−1291
Fax: 718−855−0760
Email: benjamin_yaster@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

| Pending Counts | Disposition |
| --- | --- |
| None | |

| Highest Offense Level (Opening) | |
| --- | --- |
| None | |

| Terminated Counts | Disposition |
| --- | --- |
| None | |

| Highest Offense Level (Terminated) | |
| --- | --- |
| None | |

| Complaints | Disposition |
| --- | --- |
| 18:1073.F | |

### Plaintiff

**USA**                          represented by  **Antoinette N. Rangel**
                                                 United States Attorney's Office
                                                 Eastern District of New York
                                                 271 Cadman Plaza East
                                                 New York, NY 11201
                                                 718−254−7481
                                                 Email: Antoinette.Rangel@usdoj.gov
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*
                                                 *Designation: Government Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/20/2022 | 1 | | RULE 5 AFFIDAVIT/REMOVAL TO THE DISTRICT OF ALASKA by USA as to Jalonni Blackshear (Chin, Felix) (Entered: 04/21/2022) |
| 04/20/2022 | | | Arrest (Rule 5) of Jalonni Blackshear (Chin, Felix) (Entered: 04/21/2022) |
| 04/20/2022 | | | Minute Entry for proceedings held before Magistrate Judge Lois Bloom:Arraignment as to Jalonni Blackshear (1) Count Complaint held on 4/20/2022, Attorney Appointment Hearing as to Jalonni Blackshear held on 4/20/2022, Initial Appearance in Rule 5(c)(3) Proceedings as to Jalonni Blackshear held on 4/20/2022. AUSA Antoinette Rangel present. Dft present w/federal defender Benjamin Yaster. Removal proceeding to the District of Alaska hearing held. Dft waived identity hearing. Commitment to another district order entered. Medical memo issued. (FTR Log 11B # 4/20/22 3:48−3:57.) (Chin, Felix) (Entered: 04/21/2022) |
| 04/20/2022 | 2 | | COMMITMENT TO ANOTHER DISTRICT as to Jalonni Blackshear. Defendant committed to District of Alaska. Ordered by Magistrate Judge Lois Bloom on 4/20/2022. (Chin, Felix) (Entered: 04/21/2022) |
| 04/20/2022 | 3 | | WAIVER of Rule 5(c)(3) Hearing by Jalonni Blackshear (Chin, Felix) (Entered: 04/21/2022) |
| 04/20/2022 | 4 | | CJA 23 Financial Affidavit by Jalonni Blackshear (Chin, Felix) (Entered: 04/21/2022) |
| 04/20/2022 | 5 | | ORDER granting the redaction of Attachment A as to Jalonni Blackshear. Ordered by Magistrate Judge Lois Bloom on 4/20/2022. (Chin, Felix) (Entered: 04/21/2022) |

AB:ANR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | A F F I D A V I T  I N  S U P P O R T |
| | O F  R E M O V A L  T O  T H E |
| - against - | D I S T R I C T  O F |
| | A L A S K A |
| ~~JOLANNI~~ M. BLACKSHEAR | (Fed. R. Crim. P. 5) |
| JALONNI | |
| Defendant. | Case No. 22-MJ-451 |

- - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

        I, Alex Pena, being duly sworn, deposes and states that he is a Special Agent with

U.S. Department of Homeland Security, Homeland Security Investigations ("HSI"), duly

appointed according to law and acting as such.

        On or about April 19, 2022, the United States District Court for the District of

Alaska issued an arrest warrant commanding the arrest of ~~JOLANNI~~ M. BLACKSHEAR on an
                                                    JALONNI

complaint charging a violation of Title 18, United States Code, Section 1073 for the unlawful

flight to avoid prosecution.

        The source of your deponent's information and the grounds for his belief are as

follows:[1]

        1.      On or about April 19, 2022, the United States District Court for the

District of Alaska issued an arrest warrant commanding the arrest of ~~JOLANNI~~ M.
                                              JALONNI

---

    [1]      Because the purpose of this Complaint is to set forth only those facts necessary to
establish probable cause to arrest, I have not described all the relevant facts and circumstances of
which I am aware.

BLACKSHEAR for a violation of Title 18, United States Code, Section 1073, following a complaint on that charge. A true and correct copy of the Complaint is attached hereto as Exhibit A. A true and correct copy of the Arrest Warrant is attached hereto as Exhibit B.

2.      I arrested the defendant on or about April 20, 2022. The defendant stated to me that his name was "~~Jolanni~~ JALONNI Blackshear." While I was arresting BLACKSHEAR, BLACKSHEAR spontaneously stated that, in substance, he knew that he was wanted for charges in Anchorage. I also recognized the defendant from photographs and physical surveillance of ~~JOLANNI~~ JALONNI M. BLACKSHEAR that I had reviewed pursuant to the investigation.

3.      Based on the foregoing, I submit that there is probable cause to believe that the defendant is the ~~JOLANNI~~ JALONNI M. BLACKSHEAR wanted in the District of Alaska.

WHEREFORE, your deponent respectfully requests that the defendant ~~JOLANNI~~ JALONNI M. BLACKSHEAR be removed to the District of Alaska so that he may be dealt with according to law.

/s/ *Alex Pena*
_____
Alex Pena
Special Agent
Homeland Security Investigations

by telephone

Sworn to before me this
20th day of April, 2022

EASTERN DISTRICT OF NEW YORK

2

# ATTACHMENT A

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Alaska

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  3:22-mj-00207-KFR |
| Jalonni M. Blackshear | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___Unknown but no later than Apr 6, 2022___ in the county of _____ in the

_____ District of _____Alaska_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1073 | Unlawful Flight to Avoid Prosecution |

This criminal complaint is based on these facts:

**See Attached Affidavit**

☒ Continued on the attached sheet.

_____
*Complainant's signature*

SA Jolene Goeden (FBI AN)
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  __April 19, 2022__

_____
*Judge's signature*

City and state:  ___Anchorage, Alaska___

Hon. Kyle F. Reardon, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

IN THE MATTER OF THE ARREST OF

JALONNI MARCEL BLACKSHEAR
DOB: 01/13/1983
AK OL: 7355901
APSIN ID: 7538642

Case No.: 3:22-mj-00207-KFR

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, JOLENE GOEDEN, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a criminal complaint and

arrest warrant charging **JALONNI MARCEL BLACKSHEAR** (hereafter the SUBEJCT) with

violations of 18 U.S.C. § 1073 (unlawful flight to avoid prosecution).

2.      The facts set forth in this affidavit are based on my personal knowledge;

knowledge obtained from other individuals, including other law enforcement officers; interviews

of persons with knowledge of the crimes; communications with others who have personal

knowledge of the events and circumstances described herein; and information gained through my

training and experience.  Because this affidavit is submitted for the limited purposes of

establishing probable cause to support a complaint and securing an arrest warrant, I have not

included each and every fact known to me during this investigation.  This affidavit is intended to

show merely that there is sufficient probable cause for the requested warrant and attached

Complaint.

3.      I have been a Special Agent with the Federal Bureau of Investigation (FBI) since

March 2004. Since that time, I have been assigned investigative responsibilities in the areas of

crimes against children, human trafficking, violent gangs and criminal enterprises investigations

in the FBI Anchorage Field Office, where I am currently assigned. The Anchorage Field Office

is located within the District of Alaska. During this assignment, I have focused on child

pornography, kidnapping, human trafficking, drug, violent gang, criminal enterprises, and felon

in possession of a weapon investigations.  I have been involved in cases involving the

investigation and prosecution of defendants for violations of Title 18 of the United States Code.

Further, I have conducted and participated in a number of search warrants, arrest warrants, and

interviews of people involved in federal crimes and criminal enterprises.

## PROBABLE CAUSE

### *Summary of Probable Cause*

4.      For the reasons stated herein, I submit that there is probable cause to arrest

JALONNI MARCEL BLACKSHEAR for violating of 18 U.S.C. § 1073 (Flight to Avoid

Prosecution).  This probable cause is based on the following:

5.      On or about March 30, 2022, a 14-year-old Anchorage, Alaska resident ("Victim

1") alleged that a male member of her household raped her.  Victim 1's mother ("Victim 2"),

took her to the hospital to conduct a rape kit and forensic review.  The doctor observed trauma

and blood in Victim 1's vagina and anus.  The Alaska state court issued a search warrant for the

DNA of Victim-1's father, BLACKSHEAR, an Alaska state corrections officer.  A day after the

DNA search warrant was executed, BLACKSHEAR quit his job, and he, Victim 1, and Victim 2

disappeared.

6.    The Anchorage Police Department executed exigent pings on the cell phones of BLACKSHEAR and Victim 2 and observed the phones pinging in Staten Island, New York.  On April 13, 2022, the Anchorage lab confirmed that BLACKSHEAR's DNA was found inside Victim-1's vagina and anus.  An Alaska state court issued an arrest warrant for sexual assault for BLACKSHEAR in matter 3AN-22-2732CR, attached to this application as Attachment A, and incorporated herein.

7.    On April 15, 2022, the Anchorage Police Department found the deceased bodies of Victim 1 and Victim 2 with shotgun wounds at BLACKSHEAR's residence.



8.    

9.    

10.



11.

12.     On April 19, 2022, law enforcement physically observed individuals they believe to be BLACKSHEAR ▮▮▮▮▮ at the PREMISES, based on a comparison of law enforcement photographs and Facebook pictures of BLACKSHEAR ▮▮▮▮. The photograph on the left depicted below is from the Alaska Police Department wanted poster of BLACKSHEAR. The photograph on the right was taken by law enforcement this evening outside of the PREMISES. BLACKSHEAR can be seen wearing what appears to be the same chain necklace.



3:22-mj-00207-KFR                                4

## Conclusion

13.     For the foregoing reasons, I submit that there is probable cause to believe that

JALONNI MARCEL BLACKSHEAR SR has violated 18 U.S.C. § 1073 (flight to avoid

prosecution) and seek that this court issue a warrant for his arrest.

Respectfully submitted,

SA Jolene Goeden, FBI Child Exploitation and
Human Trafficking Task Force

Subscribed and sworn to before me telephonically

On   April 19, 2022

pursuant to Fed.R.Crim.P. 4.1

HON. KYLE F. REARDON
UNITED STATES MAGISTRATE JUDGE

# **ATTACHMENT B**

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

### for the

### District of Alaska

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 3:22-mj-00207-KFR |
| | ) | |
| Jalonni M. Blackshear | ) | |
| | ) | |
| | ) | |
| _Defendant_ | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_   Jalonni M. Blackshear                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:
   See affidavit is support of criminal complaint.


Date:  April 19, 2022                                    _Kyle Reardon_
                                                                         _Issuing officer's signature_

City and state:   Anchorage, Alaska                      Hon. Kyle F. Reardon, U.S. Magistrate Judge
                                                                         _Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ at _(city and state)_ _____ . |
| Date: _____                    _____ <br> _Arresting officer's signature_ <br><br> _____ <br> _Printed name and title_ |

AO 442 (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:   Jalonni M. Blackshear

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:

Social Security number:

Height:   5' 10"            Weight:   250

Sex:                       Race:

Hair:                      Eyes:   Brown

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

From: john.kleinsmith@anchorageak.gov
To: ANCDCC@AKCOURTS.GOV
Subject: Arrest Warrant Application
Date: 4/13/2022 3:32:57 PM
Attachments: image001.png, image002.png, image003.png, image004.jpg, APD Case 22-10054 Arrest Warrant


Can I please ask for the Judge to delay posting this on Court View as I'm sure the suspect is
checking it regularly.
[cid:image001.png@01D84F4B.BF29D180]
<https://urldefense.com/v3/__http://www.muni.org/departments/police/Pages/default.aspx__;!!LViD8WrmGQ
U!pZq_UYGelIPkjqlZ2SYORmLL6D5gwLRbV7zD1XJXZwOhCFFD3qbUNGAjubRp3PHDs0PYqYDaZJ3JiVUMs_gFiFZX1K4yp7QNhHi
2$ >
Detective Jack Kleinsmith
Crimes Against Children Unit
Anchorage Police Department
716 W 4th Ave, Anchorage, AK 99501
Office: (907) 786-8579
Cell: (907) 727-4651
john.kleinsmith@anchorageak.gov<mailto:john.kleinsmith@anchorageak.gov>
[cid:image002.png@01D84F4B.BF29D180]<https://urldefense.com/v3/__https://local.nixle.com/anchorage-
police-
department/__;!!LViD8WrmGQU!pZq_UYGelIPkjqlZ2SYORmLL6D5gwLRbV7zD1XJXZwOhCFFD3qbUNGAjubRp3PHDs0PYqYDaZ
J3JiVUMs_gFiFZX1K4yp1vAmoSZ$ > [cid:image003.png@01D84F4B.BF29D180]
<https://urldefense.com/v3/__https://twitter.com/AnchoragePolice__;!!LViD8WrmGQU!pZq_UYGelIPkjqlZ2SYO
RmLL6D5gwLRbV7zD1XJXZwOhCFFD3qbUNGAjubRp3PHDs0PYqYDaZJ3JiVUMs_gFiFZX1K4yp30aNRWk$ > [A picture
containing clipart  Description automatically generated]
<https://urldefense.com/v3/__https://www.facebook.com/AnchoragePolice/__;!!LViD8WrmGQU!pZq_UYGelIPkjq
lZ2SYORmLL6D5gwLRbV7zD1XJXZwOhCFFD3qbUNGAjubRp3PHDs0PYqYDaZJ3JiVUMs_gFiFZX1K4yp5dliGVg$ >

From: john.kleinsmith@anchorageak.gov
To: ANCDCC@AKCOURTS.GOV
Subject: Arrest Warrant Application
Date: 4/13/2022 3:32:57 PM

FILED in the TRIAL COURTS
STATE OF ALASKA, THIRD DISTRIC

APR 1 3 2022

Clerk of the Trial Courts
Dep:

# IN THE DISTRICT COURT FOR THE STATE OF ALASKA

State of Alaska    )
  Plaintiff   )
  Vs.     )
JALONNI MARCEL BLACKSHEAR SR )
DOB: 01/13/1983   )
AK OL 7355901   )
APSIN ID  7538642   )

3ANS 22-2732 CR

ATN: 117738342
APD # 22-11054

**FELONY**

### COMPLAINT

I certify that this document and its attachments do not contain information (1) the name of a victim of a sexual offence listed in AS 12.51.140 or (2) a residence or business address or telephone number of a victim of or witness to any offence unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

DOMESTIC VIOLENCE OFFENSES Per AS 18.66.990(3) and (5)
[X] ALL COUNTS  [] NONE  [ ] SPECIFIED BELOW

### Count I,II, & III   001-003

### SEXUAL ABUSE OF A MINOR IN THE FIRST DEGREE AS 11.41.434 (a)(2)

On 3/30/2022 in the morning hours, at or near Anchorage, in the Third Judicial District, State of Alaska; JALONNI BLACKSHEAR SR, being 18 years of age or older, engaged in sexual penetration with a person who is 14 years of age, and the offender is the victim's natural parent.

*To wit:  JALONNI BLACKSHEAR SR, (39) Thirty nine years of age, did commit the crime of sexual abuse of a minor in the first degree by engaging in sexual penetration with (14) fourteen year old J.B. by using  his penis to penetrate her vagina and anus, and using his mouth to penetrate her vagina and anus, all in the city of Anchorage Alaska.*

All of which is an Unclassified Felony offense being contrary to and in violation of AS 11.41.434 (a)(2) and against the peace and dignity of the State of Alaska.

## AFFIDAVIT OF J. KLEINSMITH

I, J. KLEINSMITH,  being first duly sworn on oath, hereby depose and state:

1. I have been assigned to the Detective Division Crimes Against Children Unit since June of 2017. I have worked crimes against children throughout my career including my time in Nome as an Alaska State Trooper. I am familiar with crimes involving the Sexual Abuse of Minors and have worked numerous cases involving Glass Warrants and have successfully provided evidence in those cases to the District Attorney's Office for prosecution through the Alaska Court System.

I have successfully completed Child First Training in 2003 and again in 2017. I have had training in interviewing juvenile victims of human trafficking and Prostitution. I am currently certified as a child forensic interviewer.

I had been assigned to Detectives APD VICE Unit since March of 2007, and an APD Patrol Officer since 2004, during which time my duties have been Patrol Officer, Detective with Burglary Unit and Robbery Assault Unit. I have investigated numerous theft, burglary, and robbery cases. I have had training in Clandestine Methamphetamine Labs and drug identification while working with Anchorage Police Department. I have completed 80 hours of DEA Basic training and am currently site safety certified for Clandestine Methamphetamine Labs.

Prior to that I was employed with the Alaska State Troopers for 5 ½ years, during which time my duties included Patrol, Alcohol and Narcotics Interdiction and Investigations. This also included training in Inter/Intra State Trafficking of Narcotics, and drug identification training.

22-2732 CR

Prior to that I was employed as a Deputy Sheriff in Washington State for 9 years, during which time I worked as a Patrol Deputy, Deputy Corrections, Search and Rescue, Canine, Off road vehicle Patrol. During that time I had drug identification training and many contacts with controlled substances including Schedules I, II, III, IV, to include heroin and opium derivatives.

CASE FACTS:

On 3/30/2022, at approximately 7-8 am Raechyl Robinson took her 14 year old daughter (J.B.) from Begich Middle School and transported her to Alaska Regional for a SART examination. APD Patrol Officer Beatty responded and Raechyl stated that her daughter (J.B.) told her this morning that she had been raped. Raechyl said that (J.B.) described rape, as a penis went into her vagina without consent.

Alaska Regional Hospital Staff (nurse/Doctor) Described their interaction with Raechyl and (J.B.). (J.B.) was observed to be very emotional and teary eyed. Dr Starr resorted to asking (J.B.) yes or no questions and relied on head nods and shakes to communicate with (J.B.) When Dr Starr asked her if the suspect was someone in the home, (J.B.) teared up and looked at her mother. Raechyl told (J.B.) that she didn't have to say who the suspect was. (J.B.) did not answer that question. When asked where this occurred (J.B.) told the Doctor it was "at her house, someone she knew, and happened this morning 3/30/2022". Dr Starr was able to ascertain that (J.B.) vagina and anus were penetrated both digitally and penile.

Raechyl was directed to Alaska CARES child advocasy center and followed APD Officer Beatty to Alaska CARES. I was assigned this priority case by Detective Sgt Kearns and became actively involved in this case. Raechyl arrived with (J.B.) and her 10 year old daughter, (L.R.) Both minor children were forensically interviewed at Alaska CARES. Officer Beatty advised me that Raechyl would not tell him where the family lived, telling Officer Beatty that he didn't need that information. Only at Alaska CARES, would Raechyl state where they lived as a family, 3810 Resurrection Drive in Anchorage Alaska.

(J.B.) stated that she lives in their house with:
Mom- Raechyl
Sister-(L.R.)-10 yoa
Brother-(J.T.)-16 yoa
Brother-(T.R.)-15 yoa
Brother-(M.B.)-16 yoa
Dad-"J"

(J.B.) disclosed that she went to the hospital this morning with her sister, mom, and mom's friend Tia for an exam. She said her mom told her the name of the exam but she forgot. She then said she didn't want to talk about it. (J.B.) said that she didn't want to talk about the subject of being touched without her consent. She said if something like that happened she would tell her mom about it. She said she went to the hospital for an exam because she was sick and didn't want to talk about this subject any more.

Forensic Medical Examination:

Case 1:22-mj-00451-LLB Document 1 Filed 04/20/22 Page 19 of 20 PageID: 141
Case 1:22-mj-00451-LLB Document 1 Filed 04/20/22 Page 17 of 20 PageID: 141

22-2732 CR

Raechyl was insistent that an exam be performed on (J.B.) Forensic DNP, Jeanne Parrish conducted the exam with Raechyl present. (J.B.) described to nurse Parrish, that what happened to her was someone put a penis inside her vagina and butt and put their mouth on her vagina and butt, and it happened this morning 3/30/2022. (J.B. would not provide further details.

10 year old (L.R.) was forensically interviewed and did not disclose sexual or physical abuse in the home. (L.R.) did disclose that she goes on daddy dates with her dad where he will let her choose which restauraunt to go to. She said dad and (J.B.) go on dad and daughter dates too, but they do it separate. She said they (J.B. and dad) are separate. She said they do it separately so they can talk to dad about things without interruptions. She stated she herself likes to talk to dad or mom about things without the other siblings around. (L.R.) said that dad has a sign that says, "family is everything." She said the sign means that no matter what you always put your family first. She stated dad says "you need to be loyal to family, your best friend should be your family" She said they all have one on one conversations with dad about "family needs to come first" She said she remembers that (J.B.) was sick this morning.

Detective Falvo contacted JALONNI BLACKSHEAR by phone (907-602-3540) and asked him to bring his two sons, (T.R.) 15 yoa and (J.T.) 16 yoa, to Alaska CARES for interviews. JALONNI stated he didn't know what was going on and his wife (Raechyl) was not talking to him, but said he would bring the boys to CARES within 45 minutes.

After waiting approximately 90 minutes, Detective Sgt Kearns contacted JALONNI by phone who stated he was not coming to CARES and that his children did not want to come. Sgt Kearns was able convince him that the children needed to be here as this was a criminal investigation. JALONNI stated he would have a friend bring the children, as he himself was not going to come to CARES. When asked why he wouldn't accompany them, JALONNI stated " I just won't, I know how these things work"

(J.T.) was interviewed forensically at Alaska CARES and disclosed that his two brothers (M.B.) (T.R.) and two sisters (J.B.) (L.R.) were home all last night and this morning. He said his dad JALONNI was home with them but his mom Raechyl was at work, 6pm to 6:30-7:00 am. He said all the boys sleep downstairs and the girls have their room upstairs as well as mom and dad. He said that dad's bedroom door is always open. He said last night and this morning, both his sisters were in dad's room watching forensic files and slept with dad until morning. He said he woke up around 5:30 and did his chores with his brother (T.R.). He said he didn't see (J.B.) but was pretty sure she was in bed with his dad watching Teen Wolf. He said (J.B.) doesn't leave for school for an hour after the boys do. (J.T.) said that this morning (J.B.) wasn't feeling well and she texted him while he was at school. He said later that afternoon, his dad text him, saying (J.B.) was not in school and his dad didn't know where she was. (J.T.) said his dad didn't sexually abuse (J.B.). He said his brother, (M.B.) told him that (J.B.) and dad got into an argument before about her getting caught doing something she shouldn't have with another girl. He said (J.B.) didn't exactly "Come Out" but their dad saw a text message on her phone reference doing something with another girl.

(M.B.) was interviewed forensically at Alaska CARES and disclosed that his dad, two sisters, and two brothers were home all night and this morning, while mom was at work. He said no

22-2732LR

one else came to the house, or left the house during that time. He said the boys all sleep in one room downstairs and the girls and mom and dad have rooms upstairs.

(T.R.) was interviewed forensically at Alaska CARES and disclosed that he was home all night with his dad, two sisters, and two brothers. He said Mom was at work till around 6:30 am. He said no one else came to the house, or left the house during that time. He said all three of the boys went to school at Bartlett this morning by bus.

There is extensive history of domestic violence with this family and OCS took emergency custody of all the children in 2019 reference DV and other safety issues involving firearms in the home. (Pending APD Case 19-27189) All the children interviewed were fearfull that they would be put in Foster homes by OCS if they came to Alaska CARES and talked in an interview.

A full State of Alaska Sexual Assault Evidence Collection Kit was performed on victim (J.B.) at Alaska CARES. A request will be made to the State Of Alaska Crime Lab to expedite the processing of this evidence collection kit and comparison to Known DNA of JALONNI BLACKSHEAR SR, should the Court grant my request for collection.

Court granted that search warrant (3AN-22-1331SW) and Detective Vrablic colected two buccal swabs from JALONNI BLACKSHAER SR on 4/1/2022.

Those buccal swabs were sent via evidence chain to Alaska State Crime Lab and compared to the Pediatric Evidence Collection kit taken from J.B. on 3/30/2022.

Parent Raechyl Blackshear brought victim J.B. to contact and APD Officer on 4/4/2022 and insisted an Officer take a report that J.B. had falsely stated she was raped and wanted to let APD know.

After DNA was taken from BLACKSHEAR he resigned his Alaska Police Standards Counsel Corrections Officer Comission on 4/7/2022 and left the state of Alaska.

Parent Raechyl Blackshear was Court Ordered to produce both female children J.B. and L.R. and left the state of Alaska. 14 year old victim J.B. is presumed missing. 10 year old sibling L.R. was recovered in Elk Grove California and returned to Alaska safely.

The SA Kit from the victim was processed and the vulva sample and Peri-anal sample had enough male DNA to go forward for YSTR analysis. YSTR analysis is used when there is low amount of male DNA in a sample a high amounts of female, YSTR analysis targets only the male DNA in the sample. The difference with YSTR analysis and our "normal" autosomal analysis is that YSTR profiles are shared withing a paternal line and are not unique to an individual. (meaning fathers and bio sons will have the same YSTR profile)

The same single source YSTR profile was obtained from these samples (vulva, perianal) and this YSTR profile matched the YSTR profile from Jalonni Blackshear, therefore Jalonni (and his paternal male relatives) cannot be excluded as the source of the DNA.

22-2732 OR

The Anal sample also was suitable for YSTR analysis but did not go forward based on the results of the other samples.
The inner thigh/external genitalia and the virginal/cervical sample had very low levels of male DNA compared to female and would need permission to consumed form department of law in order to proceed with testing.

## REQUEST OF THE COURT

The affiant respectfully requests that the Court issue an Arrest Warrant for JALONNI MARCEL BLACKSHEAR SR DOB-1/13/1983  ADL-7355901  for THREE (3) Counts of  Sexual Abuse Of A Minor First Degree.

FURTHER YOUR AFFIANT SAYETH NAUGHT,

29168

Detective J. Kleinsmith Badge 29168
Anchorage Police Department

SUBSCRIBED AND SWORN to affirm before me this 13 day of April , 2021.

MAGISTRATE / DISTRICT SUPERIOR COURT JUDGE



From: john.kleinsmith@anchorageak.gov
To: ANCDCC@AKCOURTS.GOV
Subject: ARREST WARRANT
Date: 4/13/2022 3:42:59 PM

Exempt From VRA Certif.

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

☒ STATE OF ALASKA
☐ MUNICIPALITY OF ANCHORAGE
         Plaintiff,

vs.
JALONNI M. BLACKSHENZ SR.

DOB: 1/13/1983   Defendant.
ATN: 117738342

CASE NO. 3AN-22-2732    CR

ARREST WARRANT

To Any Peace Officer Or Other Authorized Person:

You are commanded to arrest the defendant and bring the defendant before the nearest available judicial officer without unnecessary delay to answer to a complaint/information/indictment charging the defendant with violation of

3 COUNTS OF    AS 11.41.434(a)(2)
(statute or ordinance)
SEXUAL ABUSE OF A MINOR 1ST DEGREE
(offense)

Bail is set at $ TBD c APP.

☒ The defendant may not be released until the court approves a third party custodian and/or conditions of release.

_____
Judge/Deputy Clerk as ordered on the record
by Judge _____ NESBET

_____
Date

Sex: M   Race: B   Ht: 510   Wt: 250   Hair: BLK   Eyes: BRO
DOB: 1-13-1983   OL/ID: 7355901   SSN: _____
Last Known Address: 3810 RESURRECTION DR. ANCHORAGE   phone: _____
Place of Employment: NONE     phone: _____

RETURN

Original warrant received by ☐ AST ☐ _____ Police Dept. on _____

I certify that State Trooper or Peace Officer _____, Badge No. _____
executed this warrant by arresting the defendant in _____, Alaska, on _____
The defendant ☐ was ☐ was not served with a copy of the warrant.

_____    _____    _____    _____
Return Date      Signature of Peace Officer      Type or Print Name      Badge No.

CR-115 ANCH (3/00)(st.5)
ARREST WARRANT

Crim. R. 4 & 9

AO 94 (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

_____ EASTERN _____    District of    _____ NEW YORK _____

| UNITED STATES OF AMERICA | COMMITMENT TO ANOTHER |
|---|---|
| V. | DISTRICT |
| Jolanni M. Blackshear | |

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | 22 MJ 207 | 22 MJ 451 | |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

☐ Indictment  ☐ Information  ☑ Complaint  ☐ Other (specify)

charging a violation of 18        U.S.C. § 1073

**DISTRICT OF OFFENSE** District Of Alaska

**DESCRIPTION OF CHARGES:**

Unlawful flight to avoid prosecution

**CURRENT BOND STATUS:**

☐ Bail fixed at                         and conditions were not met
☐ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

| **Representation:** | ☐ Retained Own Counsel | ☑ Federal Defender Organization | ☐ CJA Attorney | ☐ None |
|---|---|---|---|---|

| **Interpreter Required?** | ☑ No | ☐ Yes | Language: | |

**DISTRICT OF** NEW YORK

## TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

4/20/22
_____
Date

*RETURN*

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## for the

United States of America )
v. ) Case No. 22- mj - 451
Jalonni Blackbear ) 
_Defendant_ ) Charging District's Case No.

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the _(name of other court)_  District of Alaska

I have been informed of the charges and of my rights to:

(1)  retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)  an identity hearing to determine whether I am the person named in the charges;

(3)  production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)  a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)  a hearing on any motion by the government for detention;

(6)  request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐  an identity hearing and production of the warrant.

☐  a preliminary hearing.

☐  a detention hearing.

☑  an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that my ☑ preliminary hearing and/or ☑ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 4/20.22

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

Benjamin Yaster
_Printed name of defendant's attorney_

| CJA-23 (Rev 3/21) | FINANCIAL AFFIDAVIT |
|---|---|
| | IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE |

IN THE UNITED STATES ☑ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify Below)*

IN THE CASE OF

| FOR | | LOCATION NUMBER |
|---|---|---|
| AT | | |

IN THE CASE OF __USA__ v. __Jalonni Blackshear__

PERSON REPRESENTED *(Show your full name)*

__Jalonni Blackshear__

| | | DOCKET NUMBERS |
|---|---|---|
| 1 ☐ Defendant - Adult | | Magistrate Judge |
| 2 ☐ Defendant - Juvenile | | |
| 3 ☐ Appellant | | District Court |
| 4 ☐ Probation Violator | | |
| 5 ☐ Supervised Release Violator | | Court of Appeals |
| 6 ☐ Habeas Petitioner | | |
| 7 ☐ 2255 Petitioner | | |
| 8 ☐ Material Witness | | |
| 9 ☐ Other *(Specify)* _____ | | |

CHARGE/OFFENSE *(Describe if applicable & check box→)* ☑ Felony ☐ Misdemeanor

__18 USC 1073__
__Unlawful Flight to Avoid Prosecution__

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

| INCOME & ASSETS | EMPLOYMENT | Do you have a job? ☐ Yes ☑ No |
|---|---|---|
| | | IF YES, how much do you earn per month? _____ |
| | | Will you still have a job after this arrest? ☐ Yes ☐ No ☐ Unknown |

Do you own any of the following, and if so, what is it worth?

| PROPERTY | | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|---|
| | Home | $ 250,000 | 250,000 . |
| | Car/Truck/Vehicle | $ 29,000 \| 22,000 | 28,000 \| 22,000 . |
| | Boat | $ | |
| | Stocks/bonds | $ | |
| | Other property | $ | |

| CASH & BANK ACCOUNTS | Do you have any cash, or money in savings or checking accounts? ☑ Yes ☐ No |
|---|---|
| | IF YES, give the total approximate amount after monthly expenses $ _____ |

How many people do you financially support? _____

| OBLIGATIONS, EXPENSES, & DEBTS | BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|---|
| | Housing | $ 1535 | $ 250,000 . |
| | Groceries | $ 800 | $ |
| | Medical expenses | $ 100 | $ 100,000 . |
| | Utilities | $ 737 | $ |
| | Credit cards | $ 700 | $ 43,000 |
| | Car/Truck/Vehicle | $ 914 | $ 50,000 |
| | Childcare | $ 1,145 | $ |
| | Child support | $ | $ |
| | Insurance | $ 300 | $ |
| | Loans | $ | $ |
| | Fines | $ | $ |
| | Other | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct.

_____
SIGNATURE OF DEFENDANT
(OR PERSON SEEKING REPRESENTATION)

__4/20/2022__
Date



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AB:ANR
F. #2022R00341

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 20, 2022

By E-Mail

The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Application to redact Attachment A to the removal complaint is granted. However, the request to seal this letter is denied as without support.

So Ordered.        *Lois Bloom*
4/20/22            U.S. M.J.

Re:   United States v. Jalonni Blackshear 22-M-451

Dear Judge Bloom:

The government respectfully submits this letter to request redactions to Attachment A of the removal complaint in the above captioned case because the matter includes allegations of wrongdoing by an individual who to date has not been charged with that criminal conduct.

As a series of cases make clear, there is ordinarily "no legitimate governmental interest served" by the government's public allegation of wrongdoing by an uncharged party, and this is true "[r]egardless of what criminal charges may . . . b[e] contemplated by the Assistant United States Attorney against the [third-party] for the future." In re Smith, 656 F.2d 1101, 1106-07 (5th Cir. 1981). Courts have applied this reasoning to preclude the public identification of unindicted third-party wrongdoers in plea hearings, sentencing memoranda, and other government pleadings. See Finn v. Schiller, 72 F.3d 1182 (4th Cir. 1996); United States v. Briggs, 513 F.2d 794 (5th Cir. 1975); United States. v Anderson, 55 F. Supp. 2d 1163 (D. Kan 1999); United States v. Smith, 992 F. Supp. 743 (D.N.J. 1998); see also USAM 9-11.130; 9-16.500; 9-27.760.

Further, the need to protect the privacy interests of individuals, specifically the uncharged individual, whose privacy interest could be jeopardized by disclosure. See United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (privacy interests of third parties may be compelling reason justifying sealing); United States v. Martin-Trigona, 767 F.2d 35, 39 (2d Cir. 1985) (sealing warranted due to the "inflammatory nature" of the contents of particular documents and the need to protect innocent persons from unnecessary embarrassment).

For the foregoing reasons, the government also requests that this letter be filed under seal.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/ Antoinette N. Rangel
Antoinette N. Rangel
Assistant U.S. Attorney
(718) 254-7481